**PUTMAN v. STATE et al.  (No. 3010.)**

(Court of Civil Appeals of Texàs. Texarkana.
Feb. 11, 1925.  Rehearing Denied
Feb. 19, 1925.)

**1. Levees and flood control ⊚⟶27—State the
necessary party plaintiff to suit for delin-
quent taxes due levee district.**

State is the necessary party plaintiff to
suit for delinquent taxes due a levee district,
in·view of provision of Rev. St. art. 5563, that
such taxes shall be collected in same manner
as delinquent state and county taxes, and pro-
vision of article 7688 requiring suits for de-
linquent taxes to be filed in name of. state.

**2. Levees and flood control ⊚⟶27—Proceed-
ings under general tax law to collect de-
linquent taxes available to levee districts.**

Fact that general tax law in providing for
proceedings to collect delinquent taxes does
not in terms extend right of "similar proceed-
ings" to delinquent taxes of levee districts
does not render such proceedings unavailable,
in view of fact that Levee District Act le-
gally operates to include levee districts.

**3. Levees and flood control ⊚⟶27—Evidence
held to sustain recovery in suit for delinquent
levee district taxes.**

In suit to recover delinquent taxes due
levee improvement district and to foreclose tax
lien upon land, evidence *held* sufficient to sustain
recovery in view of Acts 2d Called Sess. 1923,
c. 13, as amended by Acts 3d .Called Sess. 1923,
c. 21, making certified delinquent tax rolls ad-
missible and prima facie evidence, and limiting
defense to certain matters.

Error from District Court, Hopkins Coun-
ty; Geo. B. Hall, Judge.

Suit to enforce payment of delinquent tax-
es by the State of Texas and the Hopkins
County Levee Improvement District No. 2
against· H. E. Putman.  From a judgment
for plaintiffs, defendant brings error.  Judg-
ment affirmed.

The suit was to enforce against the plain-
tiff in error the payment of delinquent taxes
due levee improvement district No. 2 in
Hopkins county, and to foreclose the tax
lien on certain real estate located within
the boundaries of the district.  Judgment·was
entered against the plaintiff in error for the
amount of the taxes, penalties, and interest,
with the foreclosure of the tax lien on the
land described in the petition; and he has
brought the case to this court for review.

The following facts were agreed to:  (1)
"That the levee district was organized un-
der and by virtue of the act of 1915, passed
in regular session, chapter 146, p. 229 [Ver-
non's Ann. Civ. St. Supp. 1918, art. 5530 et
seq.], and the Acts 35th Legislature, Fourth
Called Session, chapter 25, p. 40 [Vernon's
Ann. Civ. St. Supp.. 1922, art. 5107—267 to
5107—276]."  (2) "H. E. Putman, the de-

fendant, and Theodore Arnold, are now, and
have been since the organization of the levee
district, the duly qualified supervisors of the
district.  That there is now a vacancy in the
place of the third supervisor."  (3) "That
Hon. J. M. Nelson of Sulphur Springs, Tex.,
is the regular appointed and employed at-
torney for the levee district."  (4) "That Em-
met Thornton, whose name is signed to the
petition, is the duly elected and qualified
county attorney of Hopkins county, and was
such at the time he signed the petition in
this cause."

The evidence appearing in the statement of
facts. is rather meager. It shows a map of
the district, approved by the state reclama-
tion engineer on August 2, 1919, and filed on
August 7, 1919, in the county clerk's office of
Hopkins county. On the face of the map ap-
pears the name of H. E. Putman as the own-
er of 99.4 acres of land of the S. McCulloch
survey, and of 39 acres of land of the J.
Zunega survey.  It further shows a delin-
quent tax list which recites the following:

"Report of lands and lots assessed on the
tax rolls of Hopkins county levee district No.
1, Hopkins county, Tex., for the year 1921,
which are delinquent for taxes of 1922, re-
turned by S. S. Bullock, tax collector."  (Then
follow. the names of the taxpayers.)  .

Also:

"Assessment, of property in Hopkins county
levee improvement district No. 2 rendered for
taxation by the owners or agents thereof
for the year 1921."  (Then follows, as per-
tinent to give): "Owner, H. E. Putman. Ab-
stract No. 589.  Original grantee, S. McCul-
loch, J. Zuniga.  No. acres assessed, 66.39.
No. of acres delinquent 66.39.  Special 462.46.
Penalty 46.25.  Total $508.71."

The delinquent list is certified by the tax
collector, and approved and certified by the
county judge, county commissioners, and at-
tested by the county clerk, and appears filed
in the county clerk's office on May 11, 1922.

The first paragraph of the petition reads
as follows:

"Now comes the state of Texas, suing herein
for the use and benefit of Hopkins county levee
improvement district No. 2, of Hopkins county,
Tex., and the said Hopkins county levee im-
provement district No. 2 suing herein in its
own right and behalf, herein styled plaintiff,
complaining of H. E. Putman," etc.

The prayer is "that upon final hearing the
plaintiff, Hopkins county levee improvement
district No. 2, and the state of Texas re-
cover," etc.  The defendant filed pleas of
misjoinder of parties plaintiff and in abate-
ment of the suit.  The court overruled the
pleas, and the defendant duly excepted to
the ruling.  The plea of misjoinder is to the
effect that the law does not warrant or au-
thorize a suit of this character to be brought

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"in the name of the state of Texas for the use and benefit of Hopkins county levee improvement district No. 2," and that the state is an improper and unnecessary party. The plea in abatement is to the effect that there is no legal and proper party plaintiff to the suit, since there is no legal authority for the state to bring the suit, and the suit is not brought "through the district supervisors in the name of the district," as required by law, but merely in the name of "Hopkins County Levee Improvement District No. 2." Also files, besides demurrer and exceptions, general denial.

Allen & Sellers, of Sulphur Springs, for plaintiff in error.

J. M. Melson, of Sulphur Springs, for defendants in error.

LEVY, J. (after stating the facts as above). [1] The first question presented is that of whether or not suits for the collection of delinquent taxes due to a levee district can be brought in the name of the state of Texas. That precise question has been decided in the case of Holt v. State (Tex. Civ. App.) 176 S. W. 743, and we approve the ruling. The act creating levee districts expressly provides for the assessment and collection of taxes and for suits for the collection of delinquent taxes due the levee district. It is made the duty of the tax collector of the county to make out a certified list of all delinquent taxes due the district which have not been paid, and return the same to the county commissioners' court. After the tax collector has made the return, the commissioners' court, as the law reads, "shall proceed to have said taxes collected by sale by the collector or by suit, in the same manner as now provided for the collection of delinquent state and county taxes." Article 5563, R. S., or section 34, Acts 1915, p. 242 (Vernon's Ann. Civ. St. Supp. 1918, art. 5563). The term "same manner," as used, means the same method of procedure shall be followed as is provided for the collection of "delinquent state and county taxes." The effect as well as the intention is to have the collection of the delinquent levee district taxes "by suit" controlled entirely by the general tax laws of the state, and not to provide a separate and independent method of collecting the same. Article 7688, R. S., requires a "suit" to recover delinquent taxes "to be filed in the name of the state of Texas in the district court of said county." The special levee district law does not say that the supervisors of the district shall bring the suit, nor does the act make it their duty to do so. Making the state the party to bring the suit for the use of the levee district in no wise conflicts with the powers or duties of the supervisors of the district. Hence, in view of the terms of the law, the state of Texas is the proper and necessary party plaintiff in this character of suit.

[2] Plaintiff in error insists that the general tax law cannot be made available to delinquent taxes of levee districts, because it does not in terms extend the right of "similar proceedings" to levee improvement districts. The contention cannot be sustained, for the Levee District Act in providing for the same method of procedure legally operates to include levee improvement districts.

[3] We have carefully considered all the points, very clearly presented, and think that reversible error cannot be predicated in the record. The evidence cannot be held insufficient to sustain the recovery in view of the late Acts of 1923 (chapter 13 [2d Called Sess.] as amended by chapter 21 [3d Called Sess.]), making the certified delinquent tax rolls admissible and prima facie evidence, and limiting the defense to certain matters. The answer filed here was a general denial.

The judgment is affirmed.